a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ISAAC JEROME KING, Petitioner | CIVIL ACTION NO. 1:18-CV-1259-P |
| VERSUS | JUDGE DEE D. DRELL |
| DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by pro se Plaintiff Isaac Jerome King (#483202) ("King"). King was granted leave to proceed *in forma pauperis*. (Doc. 5). King is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. King challenges his conviction in the Ninth Judicial District Court, Rapides Parish.

Because King's petition is untimely, it should be denied and dismissed with prejudice.

I.  Background

King was charged with armed robbery, simple robbery, aggravated battery, and possession of a firearm by a convicted felon. State v. King, 2011-772 (La. App. 3 Cir. 2/1/12). King was sentenced to a total term of 60 years of imprisonment. Id.

On direct appeal, King alleged the court erred in denying a mistrial for the introduction of other crimes evidence, and in denying King's hearsay objection as to the testimony regarding other crimes. Id. The appellate court affirmed the

convictions. Id. The Louisiana Supreme Court denied writs. State v. King, 2012-0521 (La. 6/1/12), 90 So.3d 435.

King filed an application for post-conviction relief in the trial court on March 22, 2013, which was denied. Louisiana's Third Circuit Court of Appeal denied writs, in part, but remanded two issues that the trial court had not considered. (Doc. 7, p. 3). On September 17, 2015, two years after filing the initial application and while the two remanded issues were still pending, King filed a second post-conviction application, entitled "Supplement to Post-Conviction Application." (Doc. 7, pp. 14-19). The trial court denied the original application on October 13, 2015, but its ruling did not consider the second, or supplemental, application. (Doc. 7, pp. 2, 11). King sought a writ of review, which the appellate court granted "for the sole purpose of ordering the trial court to rule" on the claims raised in September 2015. (Doc. 7, p. 2).

The trial court found that the "supplemental" application was an untimely application for post-conviction relief. (Doc. 7, pp. 8, 11). The Louisiana Third Circuit Court of Appeal denied King's writ of review because the application was untimely filed in the trial court, and King had not met any exception provided by Louisiana Code of Criminal Procedure article 930.8. (Doc. 7, p. 48). The Louisiana Supreme Court likewise denied writs because the September 2015 application was filed untimely. (Doc. 7, p. 8). State ex rel. King v. State, 2017-0174 (La. 5/18/18, 1), 242 So.3d 1222.

## II. Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The Louisiana Supreme Court denied writs on direct appeal on June 1, 2012, and King did not seek review in the United States Supreme Court. State v. King, 2012-0521 (La. 6/1/12), 90 So.3d 435. Therefore, King's conviction became final for AEDPA purposes 90 days later, on August 30, 2012.

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)).

King's first application for post-conviction relief was filed on March 22, 2013, almost seven months after his conviction became final. (Doc. 7, pp. 11-47). The trial court ultimately denied the original application, but its ruling did not consider the "Supplement to Post-Conviction Application" filed in September 2015. (Doc. 7, pp. 14-19). On December 15, 2015, King's writ of review was granted "for the sole purpose of ordering the trial court to rule" on the supplemental application. (Doc. 7, p. 2). Thus, as to the claims raised in the original application, the appellate court did not grant writs, and King sought no further review of those claims.

The trial court found that the "supplemental" application was a separate, untimely application for post-conviction relief. (Doc. 7, pp. 8, 11). The Louisiana Third Circuit Court of Appeal denied King's writ of review because the application was untimely filed in the trial court, and King had not met any exception provided by Louisiana Code of Criminal Procedure article 930.8. (Doc. 7, p. 48). The Louisiana Supreme Court likewise denied writs because the September 2015 application was filed untimely. (Doc. 7, p. 8). State ex rel. King v. State, 2017-0174 (La. 5/18/18, 1), 242 So.3d 1222.

Because the second application was untimely, it was not "properly filed" under § 2244(d)(2) and did not toll the limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005) (post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The original application ceased to be pending on December 15, 2015, when the appellate court granted writs solely as to the claims raised in the "supplement." (Doc. 7, p. 2). King only had

4

approximately five months remaining on the one-year AEDPA limitations period within which to file his § 2254 petition. Because the untimely application could not toll the limitations period, King's petition is untimely.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit

justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __12th__ day of December, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge